## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## SOUTH BEND DIVISION

KHALIF ABDUL MATEEN,      )
        Plaintiff,      )
                      )
    v.                    )     CAUSE NO.: 3:24-CV-954-JVB-JEM
                      )
WARDEN.             )
        Defendant.     )

### OPINION AND ORDER

Khalif Abdul Mateen, a prisoner without a lawyer, filed a habeas petition challenging a disciplinary decision (ISP-23-12-3517) at the Indiana State Prison in which a disciplinary hearing officer (DHO) found him guilty of battering staff under Indiana Department of Correction Offense 117. He was sanctioned with segregation and a loss of telephone privileges. Pursuant to Section 2254 Habeas Corpus Rule 4, the Court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

"[A] habeas corpus petition must attack the fact or duration of one's sentence; if it does not, it does not state a proper basis for relief under § 2254." *Washington v. Smith*, 564 F.3d 1350, 1351 (7th Cir. 2009). Neither the loss of telephone privileges nor the term of segregation pertains to the fact or duration of Mateen's sentence. *See Moran v. Sondalle*, 218 F.3d 647, 651 (7th Cir. 2000) ("State prisoners who want to raise a constitutional challenge to . . . administrative segregation . . . must instead employ § 1983 or another statute authorizing damages or injunctions—when the decision may be challenged at all."); *Jaske v. Hanks*, 27 Fed. Appx. 622, 623 (7th Cir. 2001) ("Because disciplinary segregation affects the severity rather than the duration of custody, Mr. Jaske's petition was improperly brought under § 2254."). Because Mateen's claims do not relate to the fact or duration of his sentence, the Court cannot grant him habeas relief.

If Mateen wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the Court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the Court:

(1) **DENIES** the habeas corpus petition (ECF 1);

(2) **DIRECTS** the clerk to enter judgment and close this case; and

(3) **DENIES** Khalif Abdul Mateen leave to proceed in forma pauperis on appeal.

SO ORDERED on December 3, 2024.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN, JUDGE
UNITED STATES DISTRICT COURT